(19 Misc. Rep. 347.)

### HANNON v. GALLAGHER.

(City Court of New York, General Term. February 3, 1897.)

1. APPEAL—INCOMPLETE RECORD—REVIEW OF QUESTIONS OF FACT.
    The statement "that the foregoing is a complete record of all the testimony taken on the trial" of the cause, is not equivalent to the statement that the case contains all the evidence, so as to give the general term the right to review questions of fact in the case.
2. EVIDENCE—PAROL TO EXPLAIN RECEIPT.
    A receipt in full is not conclusive, but may be explained.

On reargument. For order granting a reargument, see 42 N. Y. Supp. 1126.

Argued before FITZSIMONS and McCARTHY, JJ.

George S. Hastings, for appellant.

John J. Jeroloman, for respondent.

FITZSIMONS, J.　The complaint alleges that between the 1st day of July, 1892, and the 1st day of July, 1893, one James Hannon performed work, labor, and services for the above-named defendant, at his special instance and request, of the value of, and which he promised to pay therefor, the sum of $1,388.61; that no part of the same has been paid excepting the sum of $950, leaving a balance due and owing of $438.61. Prior to the commencement of this action the said James Hannon duly assigned, transferred, and set over unto this plaintiff all his right, title, and interest in and to said claim against this defendant. The answer is a general denial. On the trial the assignment of the claim to the plaintiff was admitted. On this appeal a reversal is asked for upon two grounds: First, that the motion for the dismissal of the complaint at the close of the plaintiff's case on the ground that the plaintiff had not established a cause of action should have been granted, and the refusal of the court was error; and, second, that the request on behalf of the defendant that the court should charge the jury "that, if the jury believed that on November 11, 1893, the plaintiff's assignor, James Hannon, signed a receipt in full for all dues and demands, it is a bar to this action," should have been granted, and its refusal is error. The points presented will be considered in their order.

In attempting the consideration of the first proposition,—that the plaintiff, at the close of his case, failed to make out a cause of action,—we are confronted with the objection that the record does not contain a statement that the case contains all the evidence adduced on the trial, but does contain a statement "that the foregoing is a complete record of all the testimony taken on the trial of the above-entitled action, and is a true record of all the proceedings thereat." This is insufficient, it having been held that such a statement is not equivalent to the statement that the case contains all the evidence, and, in the absence of the latter statement, the general term is precluded from reviewing questions of fact. It necessarily follows that, unless all the evidence is before the court, so that we may see whether or not the cause of action has been proven, we cannot determine that the ruling upon a motion based upon all the evidence is improper.

The request to charge "that, if the jury believes that on November 11, 1893, the plaintiff's assignor signed a receipt in full for all dues and demands, it is a bar to this action," was properly refused. Payment was not pleaded, and it is well settled that the defense of payment must be set up by the answer, and, being an affirmative defense, must be proved. Furthermore, the receipt is not conclusive. It may be explained. In this case it appears that there is a conflict of evidence, and the learned trial judge, by a clear and impartial charge, left it with the jury to find the fact; and, they having found against the defendant, we cannot say that they were not justified in so doing.

Judgment and order appealed from should be affirmed, with costs.

McCARTHY, J., concurs.